UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 6:13-CR-16-1 |
| | § | |
| MARK A. REZA | § | |

## <u>SUPPLEMENTAL RULING ON DEFENDANT'S OBJECTIONS</u>

At the revocation hearing, Reza's counsel objected to certain testimony on the basis of hearsay, the Confrontation Clause, and the Due Process Clause. As the court noted, although the formal rules of evidence and the Sixth Amendment confrontation right do not apply at revocation hearings, the Due Process Clause does. *United States v. Jimison*, 825 F.3d 260, 263 (5th Cir. 2016); *United States v. Grandlund*, 71 F.3d 507, 509–10 (5th Cir. 1995). The right to confront under the Due Process Clause is considered a "qualified" one because it can be overcome if a balancing test weighing the defendant's and government's interests demonstrates good cause to not allow the confrontation. *Grandlund*, 71 F.3d at 510.

The Court overruled the objections and now sets forth the good cause that overcomes the qualified right to confrontation. It is important to first note the evidence that the court finds sufficient to establish by a preponderance of the evidence that Reza committed a law violation on September 12, 2017: photographs of his girlfriend's injuries and damage to the apartment (Gov. Exs. 2-13) and her

sworn, written statement about the incident (page 6 of Gov. Ex. 1). Other than the victim's written statement contained within it, the court did not consider the information in the police report. That is why the court did not find the first violation proven (an alleged law violation for a separate offense charged on March 8, 2017); the evidence supporting the first violation was almost entirely limited to the police report.

Although the court does not find good cause to consider the police summary in the police report, it does find good cause with respect to the girlfriend's written statement (the photos are not hearsay—they are not out-of-court "statements" and thus are not subject to confrontation). In balancing the competing interests to determine whether good cause exists, a "critical consideration is the indicia of reliability of the challenged evidence." *Id*. The written statement of Reza's girlfriend has strong indicia of reliability. For starters, written statements generally have greater reliability than the recounting of oral statements. *United States v. Rondeau*, 430 F.3d 44. 48 (1st Cir. 2005) (rejecting a due process challenge to hearsay testimony at revocation hearing from two witnesses for an assault because, among other things, the statements were reduced to writing); *see also United States v. Fontanez*, 845 F.3d 439, 444 (1st Cir. 2017) (noting that an out-of-court statement is more reliable when reduce to writing). The statement was also signed under penalty of perjury (Gov. Ex. 1, at 6). *United States v. Brown*, 685 F. App'x.

891, 895 (11th Cir 2017) (noting in the revocation context the reliability of a "contemporaneous sworn statement"). The sworn statement is also corroborated by the photographs showing the victim's injuries and damage to doors in the apartment. *United States v. Pratt*, 52 F.3d 671, 677 (7th Cir. 1995) (rejecting due process challenge to hearsay testimony at revocation in part because it was corroborated by photographs); *United States v. Bueno-Beltran*, 857 F.3d 65, 68 (1st Cir. 2017) (same); *United States v. Campos*, 374 F. App'x. 732, 734 (9th Cir. 2010) (same); *United States v. Hall*, 419 F.3d 980, 98–89 (9th Cir. 2005) (citing documented physical bruising corroborating out-of-court statements about domestic assault as a reason the hearsay testimony was reliable to overcome due process objection in revocation hearing); *cf. United States v. Kelley*, 446 F.3d 688, 692 (7th Cir. 2006) (allowing hearsay statements of assault victims to support revocation in part because testifying witness observed physical injuries consistent with the victim's hearsay statements). The evidence is further corroborated by the probation officer's discussion with the victim, who at that later date provided an account consistent with the written statement she gave to police. *See Fontanez*, 845 F.3d at 443 (noting that the "consistency of a declarant's account of events may lend support to a finding of reliability"); *Hall*, 419 F.3d at 989 (noting consistency of a victim's testimony as a factor supporting its reliability); *Rondeau*, 430 F.3d at 48 (same). And this corroboration is not just considered in isolation;

the cumulative force of the corroboration provided by the photographs, the victim's statement to probation, her written statement, and photos from the March incident showing injuries to the same victim (pages 2-14 of the police report in Exhibit 14) is powerful. *See Pratt*, 52 F.3d at 677 (noting the cumulative corroboration provided by police reports, photographs, and written statements of the victims in finding sufficient reliability to allow federal agent to testify as to hearsay from victims, bank employees, and arresting officer at revocation hearing). The Court thus finds that the written statement has a high degree of trustworthiness. Although Reza certainly has a substantial interest in confronting the victim of his alleged offense,[*] the strongly corroborated written statement of the victim is sufficiently trustworthy to overcome the confrontation right.

Alternatively, the court notes that because Reza pleaded true to the third alleged violation (failure to comply with the rules of his mental health treatment), he cannot challenge the decision to revoke his supervision which is supported by that violation alone, but only the revocation sentence. The Fifth Circuit recently reiterated that the due process confrontation right does not apply to testimony that only has an effect on the sentence that results from a revocation rather than the revocation decision itself. *United States v. Williams*, 847 F.3d 251, 254 (5th Cir.

---

[*] The defendant's strong interest in confronting the victim is somewhat lessened by the fact that he did not detail any inaccuracies that he thought existed in the sworn statement or identify any other evidence that casts doubt on it. *Pratt*, 52 F.3d at 677; *Campos*, 374 F. App'x. at 734.

2017); *United States v. Jimenez*, 275 F. App'x. 433, 438 (5th Cir. 2008) ("Because [the defendant] does not challenge the decision to revoke his supervised release, but only his revocation sentence, the right to confrontation under *Morrissey* does not apply to this case."). Therefore, even if it were error to consider the challenged evidence in deciding whether Reza had committed the law violation (that is, violation #2), the court could undoubtedly consider it in determining the appropriate sentence for Reza's admitted violation (violation #1). And the evidence showing that Reza had violently assaulted the mother of his child would have been relevant to account for, among other relevant factors in determining a revocation sentence, the history and characteristics of the defendant and need to protect the public from further crimes he might commit. 18 U.S.C. § 3583(e) (incorporating 18 U.S.C. §§ 3553(a)(1), (2)(C)). Thus, even if the court were just sentencing Reza for the first violation to which he pleaded true, it would have imposed the same 21-month sentence. Although that would have been an above Guidelines sentence, it would have been necessary to further the statutory sentencing objectives in light of the factors just mentioned.

SIGNED this 18th day of October, 2017.

_____
Gregg Costa
United States Circuit Judge[†]

---

[†] Sitting by designation